UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICIA KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-01133-SLD-JEH |
| SHUBHANGO INC d/b/a AMERICAS BEST VALUE INN MACOMB, an Illinois Corporation, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Patricia Kennedy's motion for entry of default judgment, ECF No. 6. For the reasons that follow, the motion is DENIED.

## BACKGROUND

Plaintiff is a resident of Broward County, Florida. Compl. ¶ 1, ECF No. 1. She has limited use of her hands and relies on a wheelchair or cane to ambulate. *Id.* She has difficulty grasping and twisting, affecting her use of doorknobs and faucets. *Id.* When she is out and about, her accessibility needs include handicap parking of sufficient width near entrances; routes free of obstruction and unsecured carpeting; grab bars to make use of the restroom; sinks with wrapped pipes; and doorways with adequate clearance. *Id.*

Plaintiff describes herself as "an advocate of the rights of similarly situated disabled persons." *Id.* ¶ 2. She identifies as a "tester": a person who visits public accommodations and their websites to assess their compliance with Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89. *Id.*

Defendant Shubhango Inc owns one such public accommodation: an Americas Best Value Inn hotel in Macomb, Illinois. *Id.* ¶ 3. Defendant accepts hotel reservations, either by

1

itself or through a third-party, through online reservation systems, also known as booking websites. *Id.* ¶ 9. Plaintiff visited these websites on February 24, 2020, February 25, 2020, March 4, 2020, March 5, 2020, March 16, 2020, and March 17, 2020 to review the hotel's accessible features and evaluate Defendant's compliance with 28 C.F.R. § 36.302(e), one of the ADA's implementing regulations promulgated by the Department of Justice ("DOJ").[1] *Id.* ¶¶ 6–7, 10. Each time, Plaintiff found that Defendant failed to comply. *Id.* ¶ 10. Specifically, booking.com, hotels.com, orbitz.com, expedia.com, redlion.com and agoda.com all failed to identify or allow for booking of accessible rooms and provided insufficient information about accessibility. *Id.*

Plaintiff alleges that she intends to revisit these websites in the near future to evaluate their compliance with § 36.302(e)(1), reserve a room, or otherwise avail herself of the hotel's amenities. *Id.* ¶ 11. But so long as Defendant fails to comply, she lacks the information required

---

[1] 28 C.F.R. § 36.302(e)(1), the relevant subsection, provides:
>   **(1) *Reservations made by places of lodging.*** A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

2

to make meaningful choices for travel and "continues to suffer[] frustration and humiliation as the result of the discriminatory conditions." *Id.* ¶ 13.[2]

Plaintiff filed this ADA action on April 1, 2020, seeking an injunction requiring Defendant to revise its websites to comply with § 36.302(e)(1) and implement a policy to ensure continued compliance. Her Complaint also lists a declaratory judgment and attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 as requested remedies.

Defendant was properly served but failed to file an answer or other responsive pleading by the deadline; at Plaintiff's request, the Clerk entered Defendant's default. *See* Aug. 27, 2020 Text Order. On September 1, 2020, Plaintiff filed this motion for entry of default judgment, seeking injunctive relief as well as a total amount of $3,512 in attorney's fees, litigation expenses, and costs. *See* Mot. Entry Default J. 4–5, 18.

## DISCUSSION

### I.     Legal Standard

A default proceeding is a two-step process. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the

---

[2] Although it is established that tester status does not automatically rob a plaintiff of standing, *see Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–75 (1982), courts disagree as to whether out-of-state testers with no concrete plans to visit a property can demonstrate an injury in fact on the basis of informational and dignitary injuries alone, *see Laufer v. Dove Hess Holdings, LLC*, 5:20-cv-00379 (BKS/ML), 2020 WL 7974268, at *14 n.12 (N.D.N.Y. Nov. 18, 2020) (noting "widespread disagreement" and collecting cases). Some courts have found such injuries are insufficiently concrete and/or particularized to confer standing. *See, e.g., Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 272–73 (5th Cir. 2021); *Laufer v. Alamac Inc.*, Case No. 1:20-cv-02206 (TNM), 2021 WL 1966574, at *3 (D.D.C. May 17, 2021); *Laufer v. Looper*, Civil Action No. 20-CV-02475-NYW, 2021 WL 330566, at *7–8 (D. Colo. Jan. 11, 2021); *Laufer v. Ft. Meade Hosp., LLC*, Civil Action No. 8:20-CV-1974-PX, 2020 WL 6585955, at *4 (D. Md. Nov. 10, 2020). But courts throughout the Seventh Circuit, guided largely by *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834–35 (7th Cir. 2019), have found standing on facts similar to this case routinely. *See Laufer v. Cap. Hosp. Grp.*, Case No. 20-CV-3200, 2021 WL 4317619, at *4 (C.D. Ill. Sept. 22, 2021); *Laufer v. T & C Inn, LLC*, Case No. 20-CV-3237, 2021 WL 1759263, at *4 (C.D. Ill. May 4, 2021); *Laufer v. Q ILL Dev., LLC*, Case No. 20-CV-3149, 2021 WL 1202329, at *4 (C.D. Ill. Mar. 30, 2021); *Laufer v. Surf Hotel Invs., L.L.C.*, No. 20 C 5364, 2021 WL 809732, at *2 (N.D. Ill. Mar. 3, 2021); *Laufer v. Lily Pond LLC C Series*, 20-cv-617-wmc, 2020 WL 7768011, at *3–5 (W.D. Wis. Dec. 30, 2020); *Laufer v. U.L.S.T., LLC*, 20 C 3527, 2020 WL 6487199, at *4 (N.D. Ill. Nov. 4, 2020). The Court is not inclined to disagree with their interpretation.

actual entry of a default judgment."). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" under Federal Rule of Civil Procedure 55(a). When the plaintiff's requested relief is not for a sum that is or can be made certain, Rule 55(b)(2) then requires the party to move the court for entry of a default judgment.  After default is entered, "the well-pleaded allegations of a complaint relating to liability are taken as true," *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983), but "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").  Whether to enter a default judgment is in the court's discretion.  *See Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

## II.     Analysis

In support of her argument that default judgment is warranted, Plaintiff points the Court to seven prior default judgments that Florida district courts have entered in her favor in past hotel website cases.  *See* Mot. Entry Default J. 4–5.  However, in other hotel website cases, courts have denied Plaintiff's motions for entry of default judgment on facts strongly reminiscent of the ones here.  *See, e.g.*, *Kennedy v. Shrinathji-Krupa, Inc.*, CIVIL ACTION NO. 4:20-CV-0069-LMM, 2020 WL 10181657, at *2 (N.D. Ga. June 17, 2020); *Kennedy v. ORLTEL, LLC*, Case No. 6:17-cv-2014-Orl-37TBS, 2018 WL 1172925, at *3 (M.D. Fla. Feb. 16, 2018), *report and*

*recommendation adopted*, 2018 WL 1152393 (Mar. 5, 2008).  This Court, too, has reservations about the appropriateness of entering a default judgment against Defendant on the basis of Plaintiff's allegations.

In her Complaint, Plaintiff described what happened when she visited the booking websites as follows:

> Plaintiff was unable to [review the hotel's accessible features] because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public.  Specifically, neither booking.com, hotels.com, orbitz.com, expedia.com, redlion.com nor agoda.com identify or allow for booking of accessible rooms and provide insufficient information about accessibility.

Compl. ¶ 10.  While it is true that "the well-pleaded allegations of a complaint relating to liability are taken as true" after an entry of default, *see Dundee Cement*, 722 F.2d at 1323, it is difficult to categorize the majority of Plaintiff's allegations as anything beyond "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The only concrete factual allegation made by Plaintiff is that the named websites provide insufficient information about accessibility and do not allow visitors to book accessible rooms.  But DOJ Guidance makes clear that:

> [h]otels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

5

28 C.F.R. pt. 36, app. A, § 36.302(e). Here, Plaintiff makes no allegation that Defendant failed to make reasonable efforts to provide the websites information about accessibility.[3] *See Laufer v. Patel*, 1:20-CV-631-RP, 2021 WL 796163, at *5 (W.D. Tex. Mar. 2, 2021) (finding the disabled plaintiff's injury caused by noncompliant third-party booking websites was not fairly traceable to the defendant hotel without "the requisite allegations" that would make "a hotel . . . liable for missing information on a third-party website"); *Arroyo v. JWMFE Anaheim, LLC*, Case No.: SACV-21-00014-CJC (KESx), 2021 WL 936018, at *2 (C.D. Cal. Feb. 16, 2021) (granting motion to dismiss where "[n]othing in [the p]laintiff's [c]omplaint suggest[ed] that the alleged deficiencies on Expedia's website were due to [the hotel d]efendant's failure to make information available to Expedia"). *But cf. Kennedy v. Siesta Inn & Suites, Inc.*, 828 F. App'x 658, 662 (11th Cir. 2020) (interpreting the plaintiff's mention of noncompliant third-party websites in affidavit as being offered as "potential evidence that [the hotel defendant] has not complied with its duty . . . to provide accurate accessibility information to outside reservation sites"). On the whole, the vague and generic factual allegations in Plaintiff's Complaint are insufficient to give rise to liability against Defendant for the noncompliant websites, and for that same reason, they are an insufficient basis for the Court to enter a default judgment.

---

[3] Plaintiff appears to attempt to distinguish redlion.com from the five other websites, which she explicitly describes as third-party websites. *See* Compl. ¶ 9 ("Defendant, either itself or by or through a third party, accepts reservation for its hotel through online reservations systems, or websites. These websites are located at www.redlion.com. Defendant also utilizes third party online reservations systems, including hotels.com, booking.com, orbitz.com, agoda.com and expedia.com."). But she does not describe redlion.com as a first-party booking website, either. *See id.* Redlion.com is the website of the Red Lion Hotels Corporation, which franchises eight hotel brands, including the Americas Best Value Inn brand. *About Red Lion Hotels Corporation*, RLH Corporation, https://www.redlion.com/about (last visited Sept. 27, 2021); *see U.L.S.T.*, 2020 WL 6487199, at *1 (taking judicial notice of hotel website's contents where website was "'critical to the complaint and referred to in it, . . . subject to proper judicial notice,' . . . [and] 'consistent with the pleadings'") (quoting *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013)). Plaintiff's Complaint uses the language "either itself or by or through a third party," Compl. ¶ 9; as Shubhango Inc is not the same corporate entity as Red Lion Hotels Corporation, the Court views redlion.com as a third-party website absent clarification from Plaintiff.

Even if the Court were to enter a default judgment on the basis of the Complaint, Plaintiff's sparse allegations also pose a problem with regard to the relief she seeks. That injunctive relief is the statutory remedy under Title III, *see Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013), does not negate the general requirement that every order granting an injunction "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required," Fed. R. Civ. P. 65(d)(1). Plaintiff appears to be requesting an injunction requiring Defendant "to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites" to ensure continued compliance.[4] Compl. 8. But just as Plaintiff provides little specificity as to how she believes Defendant has violated § 36.302(e), so too does she offer little indication as to what Defendant must do to comply. This is a crucial omission, because the Department of Justice explicitly declines to specify what information must be included in every booking website and acknowledges that such websites are necessarily limited in the volume of information they can convey, *see* 28 C.F.R. pt. 36, app. A, § 36.302(e) ("The Department recognizes that a reservations system is not intended to be an accessibility survey. . . . [I]t may be sufficient to

---

[4] Plaintiff also notes that this Court "is provided with authority to . . . require the Defendant to alter the subject websites to make [them] readily accessible and useable to the Plaintiff and all other persons with disabilities." Compl. ¶ 20. To the extent that she is requesting this as part of her relief, it appears unconnected to her actual allegations: Plaintiff does not allege that she could not *access* the websites, but rather that she accessed the websites and found insufficient information therein. Plaintiff also mentions this Court's authority to "clos[e] the websites until such time as the Defendant cures its violations of the ADA." *Id.* Even outside the context of a default judgment, this remedy would seemingly impose significant hardship on Defendant and disserve travelers to Macomb, Illinois. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (listing the "well-established principles of equity" that a plaintiff seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction"); *Lacy v. Cook Cnty.*, 897 F.3d 847, 867 (7th Cir. 2018) (applying the *eBay* factors in a Title III case); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2017) (concluding that even in the context of a default judgment, a "more substantial inquiry" is still necessary prior to granting equitable relief). Merely citing to previous default judgment victories is not convincing to substantiate why such relief would be appropriate.

specify that the hotel is accessible[,] . . . to describe the general type of room[,] . . . the size and number of beds[,] . . . the type of accessible bathing facility[,] . . . and communications features available in the room."); *see also Love v. Marriott Hotel Servs., Inc.*, Case No. 20-CV-07137-TSH, 2021 WL 810252, at *8 (N.D. Cal. Mar. 3, 2021) (finding that the plaintiff, who alleged the hotel defendant's website needed additional accessibility details, failed to state a claim where the website "provide[d] accessible features descriptions that exceed[ed] the level of detail proposed by the ADA guidance").  Because injunctive relief must be specific, *see* Fed. R. Civ. P. 65(d)(1)(B), it is imperative that Plaintiff be clear about what information she believes the websites were lacking in order for the Court to address the possibility of injunctive relief.  *See* 28 C.F.R. pt. 36, app. A, § 36.302(e).

## CONCLUSION

Plaintiff's facts, as she has alleged them, give rise to no liability against Defendant and would make crafting a proper injunction guesswork.  Accordingly, the Motion for Entry of Default Judgment, ECF No. 6, is DENIED.  The Court grants Plaintiff leave to file an amended complaint, if desired, within 14 days.


Entered this 30th day of September, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
